# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 95-31289
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM STEPTER,

Defendant-Appellant.

---

Appeal from the United States District Court
For the Eastern District of Louisiana
(95-CV-389-G)

---

December 31, 1996

Before POLITZ, Chief Judge, KING and PARKER, Circuit Judges.

PER CURIAM:[*]

William Stepter pleaded guilty to conspiracy to possess cocaine

hydrochloride with intent to distribute,[1] and was sentenced to 60 months

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

[1] 21 U.S.C. § 841(a)(1) and 846.

imprisonment, followed by a four-year term of supervised release, and a $10,000 fine. Stepter did not directly appeal but filed a motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255. The district court, acting upon a magistrate judge's recommendation, denied the motion; Stepter timely appealed.

Stepter's court-appointed counsel has filed a brief as required by **Anders v. California**[2] and has moved to withdraw. Stepter has been notified of his right to respond and has filed a supplemental brief in support of his appeal. Accordingly, we review the issues raised in brief and the record as a whole to determine whether there are any nonfrivolous issue(s) on appeal.

The first issue raised is whether Stepter's trial counsel rendered ineffective assistance by failing to pursue a direct appeal. The district court found that Stepter was advised by counsel of his right to appeal, but that Stepter never informed anyone that he wished to file an appeal. This finding is well supported by the record. There is no merit whatever in Stepter's claim that trial counsel's ineffective assistance cost him his right to appeal.[3]

Stepter also contends that the sentencing court failed to advise him of his right to appeal, did not allow him to speak at sentencing, and sentenced him to a

---

[2] 386 U.S. 738 (1967).

[3] **Childs v. Collins**, 995 F.2d 67 (5th Cir.), <u>cert</u>. <u>denied</u>, 114 S.Ct. 613 (1993).

$10,000 fine without determining whether he had the means to pay. The district court's factual finding that Stepter was advised of his right to appeal by trial counsel defeats the first assertion,[4] and Stepter's allocution and excessive fine claims are not initially cognizable in a section 2255 proceeding.[5]

In addition to the issues raised in the brief we have made an independent review of the record. We find and conclude that this appeal presents no nonfrivolous issues. Accordingly, we relieve counsel from further responsibilities herein and DISMISS Stepter's appeal.[6]

---

[4]**United States v. Garcia-Flores**, 906 F.2d 147 (5th Cir. 1990).

[5]**United States v. Segler**, 37 F.3d 1131 (5th Cir. 1994); **United States v. Weintraub**, 871 F.2d 1257 (5th Cir. 1989).

[6]See Loc.R. 42.2.